PROVIDENCE THEATRE COMPANY *vs.* DISTRICT COURT OF SIXTH JUDICIAL DISTRICT.

JULY 9, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, & Baker, JJ.

*(1)   Certiorari.   Arrest.   Reviewing Error of Law of District Court.*

Errors of law arising in applications to discharge from arrest, before a district court, may be reviewed upon certiorari.

*(2)   Arrest.   Foreign Corporations.   Actual Resident.*

A foreign corporation, having its property in this State and doing business and exercising almost all of its corporate functions exclusively here, is an actual resident of this State under Gen. Laws, 1909, cap. 299, § 11, providing that to warrant the arrest of a non-resident defendant, the plaintiff must be an actual resident of the State.

*(3)   Arrest.   Defendant About to Leave State.*

Gen. Laws, 1909, cap. 299, § 11, relative to arrest of a non-resident defendant on the ground that he is about to leave the State does not require the affiant to state that defendant is at the time of the making of the affidavit, within the State and if a defendant at the time of the making of such affidavit was in another state approaching this State and having the intention to enter it and within a short time thereafter leave it, the affidavit is sufficient to satisfy the statute.

CERTIORARI.   Record quashed.

SWEETLAND, J.   This is a writ of certiorari issued for the purpose of bringing before us the record of the district court of the sixth judicial district in the matter of the applications of George Le Maire and Frank J. Conroy for release from arrest in an action returnable to said court, and for the review of said proceedings.

Said Le Maire and Conroy were the defendants in an action of the case commenced against them by the Providence Theatre Company by writ returnable to said district court.   An affidavit was indorsed upon said writ in the form prescribed by statute; which affidavit contained among other things the statement "that the defendants to be arrested are about to leave the State without leaving therein real or personal estate whereon an execution that may be obtained in such action may be served," and also the statement "that the plaintiff is an actual resident of the State of Rhode Island."   Said defendants were arrested upon said writ.   On the applications of said Le Maire and Conroy to be released from arrest the justice of said court, after hearing, granted said applications.   The record of said court with reference to said applications has been certified to us for review.

The attorneys for said Le Maire and Conroy have appeared before us and have questioned the propriety of a writ of certiorari as a method for such review.   This court has held that the determination of the facts in applications, made under the statute, for release from arrest was within the discretion of the justices to whom such applications were made, and that the findings of fact of said justice would not be disturbed upon appeal or otherwise.   This petitioner claims however that the record shows that the action of said district court in releasing said defendants from arrest was founded upon errors of law which this court should review.

Under the amendments to the constitution this court is given final revisory and appellate jurisdiction upon all

questions of law and equity. There is no procedure by bill of exceptions under which errors of law can be brought from district courts to this court for review. It is only by writ of error or some extraordinary writ that such review can be obtained. We are not prepared to say that a writ of certiorari is an inappropriate method of bringing alleged errors of law, arising in applications to discharge from arrest heard before a district court, to this court for review. It appears from the decision of the justice of said court, which has been certified to us and which we regard as a part of the record in said case, that the action of said justice was based upon his conclusions upon two questions of law, one of which was specifically raised by said defendants in their applications.

Chapter 299, § 11, Gen. Laws, 1909, among other things, provides that to warrant the arrest of a non-resident defendant on the ground that said defendant is about to leave the State the affidavit indorsed on the writ shall contain the sworn statement "that the plaintiff, or if more than one plaintiff, that some of the plaintiffs are actual residents of the State." Said justice in his decision found that both defendants were non-residents and that "the plaintiff is a. corporation organized under the laws of the State of New York, all its property is in the State of Rhode Island. Since its incorporation it has maintained an office in this State, and has filed a power of attorney with the secretary of state in accordance with the provisions of Sections 43 and 44 of Chapter 300 of the General Laws. It pays taxes to the city of Providence on its property, also to the State of Rhode Island. Its officers reside in this State, its records are also here."

Said justice also found that said plaintiff transacts business in this State. Said justice ruled as a matter of law that the plaintiff was not an actual resident of this State. This court has held that a foreign corporation cannot be considered a resident of this State for the purpose of the appointment of a receiver of its estate, also that a.

foreign corporation doing business in this State was without power to make an assignment in contemplation of insolvency and must be considered as a non-resident debtor under our insolvency laws, and also that the situs of the stock of a foreign corporation is in the State of its creation. The matter now under consideration presents an entirely different question. There are many well considered opinions of courts of high authority which hold that although the citizenship of a corporation must always remain in the State of its creation, for many purposes the corporation may have a residence elsewhere. A corporation in the situation of this

(2) plaintiff, having its property in this State, paying our city and State taxes, permitted to do business in this State, an essential incident in the exercise of which function is the power to collect debts due to it, permitted to sue in our courts, exercising all, save the most fundamental, of its corporate functions exclusively in this State, in our opinion should be held to be an actual resident of this State under the statute in question, for the purpose of availing itself of all our legal processes for the collection of debts. We find the decision of said justice that, as a matter of law said plaintiff was not an actual resident of this State, as set out in said affidavit, within the meaning of said statute, to be erroneous.

(3) The justice finds that said defendants, who were members of the theatrical profession, performing together, were under engagement to act in Boston on the week succeeding their arrest upon said writ; that at the time of their arrest they had the intention of leaving the State within a short time thereafter for the purpose of fulfilling said engagement, and that properly they could be said to be "about to leave the State without leaving therein real or personal estate, whereon an execution that may be obtained in such action may be served." The justice also finds that at the exact time said affidavit was made, in the forenoon of December 28, 1914, the defendant Conroy was on a railroad train in the State of Connecticut on his way from New York to Providence and

in the afternoon of the same day was arrested on said writ, upon his arrival at Providence. Said justice holds as a matter of law that because said Conroy was not in Rhode Island at the time said affidavit was made, he was not then about to leave the State. In practice our courts have not held that to justify such an affidavit as the one in question the defendant to be arrested must be, at the time of the making of the affidavit, on his way out of the State. The affidavit may be truthfully made if the defendant has the present intention of leaving the State within a reasonably short time thereafter; even though he may also have the intention to do other things in the short period intervening between the time of the making of the affidavit and the time of his intended departure from the State. Also the statute does not require the affiant to state on oath that the defendant whom he alleges is about to leave the State is at the time of the making of the affidavit, within the State. Nor do we find that there is a necessary implication of that fact in the statutory language. If the defendant at the time of the making of the affidavit was in Connecticut approaching this State and having the intention to enter it and within a short time thereafter leave it for Boston, the affidavit was literally as true as if it had been made at the exact moment after the train on which the defendant was riding had crossed the State line at Westerly. We find the ruling of said justice that said affidavit was invalid as to the defendant Conroy because the same was made before said Conroy had reached the State of Rhode Island is erroneous in law.

The record of the district court of the sixth judicial district certified to us upon this writ is quashed.

*J. Jerome Hahn, Philip C. Joslin, Raymond P. McCanna,* for petitioner.

*Comstock & Canning, Henry C. Hart,* for respondent.